**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CASE NO.: 8:26-cv-02078-VMC-AEP**

MARIE DUVERNOIS,

Plaintiff,

v.

EQUIFAX INFORMATION SERVICES LLC,
EXPERIAN INFORMATION SOLUTIONS INC,
TRANS UNION LLC, SYNCHRONY FINANCIAL
d/b/a SYNCHRONY BANK, and NATIONAL
CREDIT ADJUSTERS LLC,

Defendants.

_________________________________________/

**DEFENDANT SYNCHRONY BANK**
**(IMPROPERLY NAMED AS SYNCHRONY FINANCIAL,**
**D/B/A SYNCHRONY BANK)'S MOTION TO DISMISS**
**COMPLAINT WITH INCORPORATED MEMORANDUM OF LAW**

Defendant Synchrony Bank ("Synchrony"), improperly named as Synchrony Financial d/b/a Synchrony Bank[1], by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves to dismiss with prejudice

[1]Synchrony Financial, Inc. was named in error and the proper party is Synchrony Bank.

the Complaint filed by Plaintiff Marie Duvernois ("Plaintiff" or "Duvernois") [D.E. 1] and, in support, states as follows:

## PRELIMINARY STATEMENT

Plaintiff filed this action on July 20, 2026, alleging that Synchrony incorrectly reported the status of her Synchrony/Care Credit account (the "Synchrony Account"). Her Complaint spans 430 paragraphs and 79 pages. Yet against Synchrony, it asserts just one cause of action: a claim under the Fair Credit Reporting Act ("FCRA") for negligently failing to conduct a reasonable investigation. That lone count rests on nothing but vague and unsupported statements. Thus, it fails to state a claim.

The deficiencies are several. *First*, Plaintiff has not pleaded her claims with the required specificity – the allegations are either formulaic recitations of statutory elements or bare legal conclusions. *Second*, Plaintiff has not pleaded facts from which a court could plausibly infer that Synchrony's investigation was unreasonable. Put simply, she identifies no specific inaccuracy in Synchrony's reporting, never says what the correct information should be, and alleges nothing about how the investigation fell short. *Third*, Plaintiff has not pleaded a concrete, particularized injury traceable to Synchrony. For all these reasons, the Complaint should be dismissed with prejudice.

## STATEMENT OF FACTS[2]

Plaintiff alleges that she has a Care Credit account with Synchrony, opened on June 20, 2024. *See* D.E. 1 ¶14. On or about April 9, 2026, Plaintiff sent a dispute to

[2]The "facts" in the Complaint are taken as true for the purposes of this Motion only.

the consumer reporting agencies ("CRAs") – Equifax, Experian, and Trans Union – challenging the Synchrony Account (the "Initial Dispute"). *Id.* ¶15. The dispute alleged that the Synchrony Account information was "inaccurate and incomplete because (a) the history, status, amounts, and dates reported are wrong; (b) payments made by Plaintiff are missing and unaccounted; (c) the manner in which the account is reported wrongfully causes Plaintiff to appear more delinquent than accurate; and (d) the timing, validity, degree, and basis of delinquency are wrong." *Id.* ¶16.

Plaintiff further alleges that the CRAs transmitted her Initial Dispute to Synchrony and that Synchrony "failed to timely conduct a reasonable investigation into information disputed by Plaintiff." *Id.* ¶¶24–25. On or about June 2, 2026, Plaintiff sent additional disputes to the CRAs containing identical language (the "Additional Disputes"). *Id.* ¶31. Again, Plaintiff alleges that Synchrony "failed to timely conduct a reasonable investigation" after receiving them. *Id.* ¶34.

What is notable is what the Complaint does *not* say. Unlike the detailed allegations directed at other defendants – Equifax (¶¶41–96), Experian (¶¶97–152), Trans Union (¶¶153–208), and National Credit Adjusters (¶¶209–267) – the Complaint contains no dedicated factual section for Synchrony. The Complaint does not allege that the Synchrony Account is not Plaintiff's. It does not identify what the correct information should be. It does not describe what the CRAs communicated to Synchrony. And it does not describe what Synchrony's investigation entailed or why it was unreasonable. Based on these sparse and conclusory allegations, Plaintiff brings

one count (Count 10) against Synchrony for allegedly violating 15 U.S.C. § 1681s-2(b), seeking actual, statutory, and punitive damages. *Id.* ¶¶385–94.

## ARGUMENT

### I. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). On a motion to dismiss, all well-pleaded factual allegations must be accepted as true and construed in the light most favorable to the plaintiff. *See Young Apartments, Inc. v. Town of Jupiter, Fl*, 529 F.3d 1027, 1037 (11th Cir. 2008).

But the court need not accept "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Nor must it accept legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678; *see also Moores v. Erik*, No. 8:05CV1100T30TGW, 2005 WL 1677461, at *2 (M.D. Fla. July 18, 2005) (quoting *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)) ("[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal."). "Threadbare recitals of

the elements of a cause of action, supported by mere conclusory statements" are insufficient. *Iqbal*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## II. PLAINTIFF'S CLAIM FOR VIOLATIONS OF THE FCRA FAILS AS A MATTER OF LAW

Plaintiff alleges that Synchrony violated 15 U.S.C. § 1681s-2(b) by failing to conduct a proper investigation after the CRAs notified it of her dispute. *See* D.E. 1 ¶386. Specifically, Plaintiff claims that Synchrony failed to review all relevant information provided by the CRAs and failed to delete inaccurate information. *Id.* ¶¶387–88.

The FCRA was enacted "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit . . . in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681(b). "To achieve its purpose, the FCRA places distinct obligations on three types of entities: [CRAs], users of consumer reports, and furnishers of information to [CRAs]." *Chipka v. Bank of America*, 355 Fed. App'x 380, 382 (11th Cir. 2009); *see also* 15 U.S.C. §§ 1681b, 1681m, and 1681s-2.

With respect to furnishers of information such as Synchrony, Section 1681s-2(b) imposes investigatory duties on furnishers of credit information after they receive notice from a CRA that a consumer has disputed reported information. 15 U.S.C. §

1681s-2(b)(1). Generally, in order to bring a claim against a furnisher for violating these requirements, a plaintiff must plausibly allege: (1) the furnisher received notice of the dispute from a CRA; (2) the furnisher failed to conduct a reasonable investigation; and (3) a reasonable investigation would have revealed that the disputed information was inaccurate or incomplete. *See Felts v. Wells Fargo Bank, N.A.*, 893 F.3d 1305, 1312-13 (11th Cir. 2018). Moreover, the plaintiff must identify the inaccurate or incomplete information and point out "'some facts the furnisher could have uncovered that establish that the reported information was, in fact, inaccurate or incomplete.'" *Harding v. TransUnion LLC*, No. 24-14006, 2026 WL 111492, at *3 (11th Cir. Jan. 15, 2026) (quoting *Milgram v. Chase Bank USA, N.A.*, 72 F.4th 1212, 1218 (11th Cir. 2023)).

### A. Plaintiff Has Not Alleged that Synchrony Failed to Conduct a Reasonable Investigation.

Beyond formulaic recitations and legal conclusions, Plaintiff's Complaint is devoid of facts regarding either what the CRAs communicated to Synchrony or what Synchrony's investigation entailed. D.E. 1 ¶¶385–94. The Complaint offers no explanation of how that investigation was supposedly unreasonable.

The Complaint merely regurgitates the statute's elements without providing any supporting facts. That is not enough. *See, e.g.*, *Peart v. Shippie*, 345 F. App'x 384, 386 (11th Cir. 2009) (concluding the complaint failed to state FCRA claim where plaintiff did not allege that furnisher failed to investigate after CRA notification); *Eisberner v. Discover Products, Inc.*, 921 F. Supp. 2d 946, 949 (E.D. Wis. 2013) (FCRA claim

dismissed because "complaint contains no factual allegations about the defendants' investigation procedures, and thus the allegation that the defendants failed to conduct reasonable investigations is another bare legal conclusion."). Here, Plaintiff alleges no specific facts about the CRAs' communications to Synchrony or Synchrony's investigative procedures. She simply parrots the statutory language. D.E. 1 ¶¶385–94. That classic "unadorned, the-defendant-unlawfully-harmed-me accusation" cannot survive. *Tshai Budhi v. BAC Home Loans Servicing, L.P.*, No. 1:11-cv-2785-TWT-AJB, 2012 WL 1677253, at *6 (N.D. Ga. Apr. 16, 2012); *see also Iqbal*, 556 U.S. at 678.

### B. Plaintiff Fails to Identify Any Specific Inaccuracy in Synchrony's Reporting.

The Complaint is also fatally deficient because it fails to identify *any* specific inaccuracy in Synchrony's reporting. Without explanation or support, Plaintiff broadly asserts that her account details were inaccurate. *See* D.E. 1 ¶¶385–94. The sum total of her allegations is that the account "is inaccurate and incomplete because (a) the history, status, amounts, and dates reported are wrong; (b) payments made by Plaintiff are missing and unaccounted; (c) the manner in which the account is reported wrongfully causes Plaintiff to appear more delinquent than accurate; and (d) the timing, validity, degree, and basis of delinquency are wrong." *Id.* ¶16. These allegations provide no clarity about what, exactly, was wrong with Synchrony's reporting – or what the correct information should be. *See Felts*, 893 F.3d at 1313 ("[Plaintiff] cannot prevail on [her] claim against [Defendant] pursuant to § 1681s–

2(b) of the FCRA without identifying some fact in the record establishing that the information [Defendant] reported regarding [her] account was inaccurate or incomplete.").

This is exactly the kind of pleading deficiency that courts routinely find fatal to FCRA claims. *See Brown v. Capital One Servs., LLC*, No. 18-60669-CIV-MARTINEZ-SNOW, 2019 WL 569842, at *3 (S.D. Fla. Jan. 9, 2019) (dismissing FCRA claims where plaintiff "does not identify any information that [the furnisher] failed to review" and "provides no facts to support its conclusory allegation" that investigation was unreasonable); *Goldsmith v. Absolute Resols. Invs., LLC*, No. 25-CV-7428, 2026 WL 896000, at *4 (E.D. Pa. Mar. 31, 2026) (dismissing FCRA claim where inaccuracy allegations were "undeveloped" and "entirely conclusory and, thus, implausible"); *Peeples v. Portfolio Recovery Assocs., LLC*, No. 22-CV-4639-RBS, 2023 WL 406287, at *3 (E.D. Pa. Jan. 24, 2023) (dismissing complaint where plaintiff "has not identified the allegedly incorrect information in her credit history" or "clearly explained why the information was incorrect"); *Kastner v. Diversified Consultants, Inc.*, No. 4:17-CV-2607 CAS, 2018 WL 465786, at *4 (E.D. Mo. Jan. 17, 2018) (dismissing FCRA claim where plaintiff failed to adequately describe allegedly inaccurate information and offered only "naked assertion[s] devoid of further factual enhancement"). Accordingly, Plaintiff has failed to plead any specific inaccuracy in Synchrony's reporting, thus, her claim cannot survive.

## III. PLAINTIFF HAS NOT STATED A CLAIM FOR ACTUAL DAMAGES

Even if Plaintiff sufficiently alleged a claim under 15 U.S.C. § 1681s-2(b) – and she has not – her Complaint would still fail because it does not allege any actual damages. To recover for a negligent FCRA violation, a plaintiff must show actual damages. *See* 15 U.S.C. § 1681o; *Pedro v. Equifax, Inc.*, 868 F.3d 1275, 1280 (11th Cir. 2017); *Garrett v. Experian Info. Sols., Inc.*, 785 F. Supp. 3d 1077, 1084 (N.D. Fla. 2025). Plaintiff's damages allegations are hollow: she claims Synchrony caused "actual damages, including money lost attempting to fix Plaintiff's credit," "denial of financing for home loans," "loss of time attempting to cure the errors in Plaintiff's credit," "mental anguish," and "apprehensiveness to apply for credit due to fear of rejection." *See* D.E. 1 ¶392. As this Court has recognized, "vague allegations that the plaintiff has suffered emotional distress based on the CRA's preparation procedures and reinvestigations do not satisfy the *Twombly* and *Iqbal* standard." *Francis v. Navy Fed. Credit Union*, No. 5:25-CV-560-WFJ-PRL, 2026 WL 1501209, at *6 (M.D. Fla. May 29, 2026) (internal quotation marks omitted).

At the pleading stage, "general factual allegations of injury" can suffice – but the injury must be "concrete, particularized, and actual or imminent, rather than conjectural or hypothetical." *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 924-25 (11th Cir. 2020). Here, Plaintiff makes no statement of actual injury that would give Synchrony fair notice of how any alleged violation caused her harm. Therefore, Plaintiff has not satisfied her pleading burden for damages. Plaintiff's FCRA negligence claim against Synchrony should be dismissed.

## CONCLUSION

WHEREFORE, for the foregoing reasons and authorities, Synchrony respectfully requests that the Court grant its Motion to Dismiss Plaintiff's Complaint with prejudice and grant such other and further relief as this Court deems just and proper.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that counsel for Defendant Synchrony Bank conferred with counsel for Plaintiff by telephone on August 11, 2026. The parties do not agree on the resolution of this Motion; Plaintiff opposes the relief sought herein in its entirety.

Dated: August 13, 2026

Respectfully submitted,

By *__/s/ Kirwinn L. Mike__*

Jason R. Bowyer (Lead Counsel)
Florida Bar No. 0693731
jbowyer@mcguirewoods.com
flservice@mcguirewoods.com
Kirwinn L. Mike
Florida Bar No. 127588
kmike@mcguirewoods.com
flservice@mcguirewoods.com
Steffanny Acevedo-Perez
FL Bar No. 1003294
sacevedo@mcguirewoods.com
fladmin@mcguirewoods.com
**McGuireWoods LLP**
50 North Laura Street, Suite 3300
Jacksonville, Florida 32202
(904) 798-3200
(904) 798-3207 (fax)

*Counsel for Defendant Synchrony Financial d/b/a Synchrony Bank*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF on August 13, 2026. I also certify that the foregoing document is being served this day August 13, 2026 via Email on the following:

Talal Rashid
Natalie Staroschak
Patti Zabaleta Law Group
110 SE 6th St, Fl 17
Fort Lauderdale, FL 33301
talal@pzlg.legal
natalie@pzlg.legal
*Counsel for Plaintiff*

Jason Daniel Joffe
Squire Patton Boggs (US) LLP
Litigation
200 South Biscayne Boulevard
Suite 3400
Miami, FL 33131
jason.joffe@squirepb.com
*Counsel for Equifax Information Services LLC*

Maria Helena Ruiz
Haber Law LLP
251 N.W. 23rd Street
Miami, FL 33127-4315
mruiz@haber.law
*Counsel for Experian Information Solutions, Inc.*

*/s/ Kirwinn L. Mike*
Attorney